Ace which is 22-13303 Savoia-McHugh v. Glass Mr. Harrell is here for the appellant, Mr. Butler for the appellee, Mr. Harrell no hurry but whenever you're ready. May it please the court. This court should reverse the trial court's order denying appellant's motion to set aside the default. Applying Rule 55's liberal good cause standard, the trial court's order was in error for three primary reasons. First, the trial court wrongfully found the appellant willfully defaulted and displayed intentional and reckless disregard for the judicial proceedings. By focusing on appellant's purported actual knowledge based off the receipt by mail of both the complaint and the summons, a finding which is not supported by the record evidence. Moreover, upon receiving the magistrate judge's order compelling him to provide discovery responses, suggesting specifically that he would be subject to a finding of contempt for potential sanctions. In other words, providing him with a directive that he was required to do something. Appellant took prompt action, entered the case and within two weeks had filed his motion to set aside the default. Secondly, the trial court erred by applying a more stringent standard for meritorious defense than what is required under Rule 55. The trial court focused on likelihood of success and whether the meritorious defenses set forward by the appellant had a likelihood of success when under the Rule 55 standard, the court should have focused on whether those were legally sufficient defenses and good at law, not whether the appellant would be likely to succeed on those defenses in order to set aside the default. Can I ask you just a quick question? I know you're only two points into your third point, but I think we suspect what your third point is going to be. But I have a question about number one. So it seems to me the district court's order says two slightly different things about sort of what your client did or didn't receive. So at one point, the district court's order seems to say, I don't need to decide this factual dispute about whether your client received the summons because he had actual knowledge of the suit and that's good enough, right? That's one interpretation. At other parts, there may be some implicit suggestion or maybe even an implicit finding that your client did receive the summons. Which of those two things is like the proper interpretation of the order? Because I would guess your arguments with respect to either of those two things might be different. With respect to the first one, you might say that's an error of law. That's wrong. With respect to the second one, you might have to fight some factual battle. Sure. Your Honor, my interpretation of the trial court's order is that the focus on the receipt of the summons is critical to the court's analysis. The court suggests that because the appellant received a copy of the summons in the mail, for which the record evidence doesn't support that fact, but because he received a copy of the summons in the mail, his claim that he was not fully aware of his obligations under the litigation are missing. Basically, because he received the summons, he can't claim ignorance as to what his obligations were. I see. I thought it was a little bit different. I thought that you, I thought your position was that because the district court concluded, and I think there's no real dispute about this, that he got the complaint in the mail, he knew about the lawsuit and thus was on notice. Good enough. But and to that, I might say, yeah, I think you're right because the summons is like a special document. It bests the court with jurisdiction. It's the one that says, hey, you need to show up, right? The complaint really doesn't do that. We as lawyers would understand when you get a complaint, you need to snap into action, but not everybody would necessarily. So as a matter of law, I think I, I think anyway, I tend to agree with you about that. The, the, the part of it that I'm a little bit less certain about is if the district court concluded, found, as a matter of fact, that in addition to the complaint, your client received, in fact, a summons, now things might be a little bit different. I don't disagree with that at all. Our position is that there, the court's order relies on a finding that indeed he received a copy of the summons. It points to Deborah Fogarty's affidavit as suggesting that he received a copy of the complaint and summons, but when you match up the affidavit to what the court says it stands for, it simply doesn't match. The appellant, Mr. Glass' affidavit says he received a copy of the complaint. Ms. Fogarty says she sent a copy of the complaint and summons to the process server to be sent, but there's absolutely no record evidence to suggest that Mr. Glass, the appellant, received both the complaint and the summons. And our position is that absent record evidence that there was a summons received by Mr. Glass, this idea that somehow ignorance of his obligations is unfounded, we believe that that's a misinterpretation of the law. Isn't it a bit of a sideshow? In other words, let's assume that there was no summons sent, the complaint was just sent as a courtesy copy, and for some reason the process server completely lied in its sworn affidavit that he actually served this thing on your client, and that your client didn't actually get that. When someone is served with a lawsuit, isn't there certain requirements that they have under the law? Forget the summons. Forget actual notice. Doesn't the law require certain things happen? Well, I tend to agree with Judge Newsom that for legal professionals, obviously you recognize that there is a certain obligation just by receiving a copy of the complaint. Judge Newsom's a great advocate, but I'm asking you a question, which is, does it matter? In other words, when someone's received a complaint, there are legal requirements that are attached to that, are there not? I don't disagree there are legal requirements attached to that. Let me ask you something. When I drive my car and I drive it 55 in a 35, but I didn't see a sign, is it an excuse that I didn't see the sign? I would not, I don't disagree that there is no excuse. Ignorance of the law, I mean, we all know this, this is first year law school stuff. Ignorance of the law is not an excuse for compliance with the law, correct? Understood, Your Honor. Am I correct? I understand you understand what I'm saying. Am I, is what I'm saying correct? I think what you are saying is correct, however, with regards to the initiation of a lawsuit, I think a summons is a critical document. There's no doubt about that, but we're talking about in terms of the obligations of your client to do something in response to that. So, and let me get past that, because we're not just talking about the complaint, that's certainly one component of this, but then your client got a discovery response for which he does not do anything, even though the rules require it, and then your client got a subpoena, which under the law requires a response, and your clients did nothing, right? He did not, he did not respond to the request for production or the subpoena. So if our review is for abuse of discretion and or clear error on the finding of willfulness, how is that not sufficient evidence that the district court found willfulness where your client was ignorant of the law, at least with regard to the complaint, and there is no claim of ignorance of the law with regard to a request for production and a subpoena for which he did not comply? How is that not a basis of finding of willfulness under our law, which says that repeated failures to comply with court orders can be deemed to be willful? Well, a request for production isn't a court order. A subpoena is not... You can just ignore, a party can ignore a request for production? I'm not suggesting that a party can ignore a request for production. Doesn't the rule require that when someone is given that, they either form an objection or give their discovery? I agree that the rules do require, however, Mr. Glass, who is a layperson and did not have counsel at the time, I do not believe had an understanding of what that required. However... But it can't be the counsel, it can't be the rule that just because someone doesn't have an attorney, they are okay to be ignorant of the requirements of the court. And maybe if that were an excuse the first time, how can we say that it was clear error for the district court to find that wasn't a sufficient excuse time two and then time three? I think the important order to look at is the order to compel set forth by the magistrate judge because it is sent to Mr. Glass, it tells him that he has a requirement to engage in certain actions or else he will be subject to potential findings of contempt or sanctions. At that point in time, that is a court order that tells Mr. Glass, the appellant, that he has a requirement to act. Within two days, he hires counsel. Within a few more days of that, counsel reaches out to opposing counsel to talk about setting things aside. Within two weeks, he is engaged in a number of activities from that order, which would suggest that his recognition occurred at that point in time and he took the appropriate action at that point. What is interesting is in your client's response to the motion to set aside the clerk's default, your client also, in addition to the things that Judge Luck has been talking about, admits that on September 3, 2020, he received via personal service on me, so this is now, admittedly, the third thing he has received about this lawsuit, a subpoena requesting production of documents. The subpoena and attached document requests were the only documents ever served on me via personal service. And then at the end of, on or around, it's very unclear, on or around October, September 28, so I'm not sure which month we're talking about, I received via regular mail a copy of the court order granting the motion to compel and that's when he starts to recognize it. But I think even looking at what your client has admitted, these various documents, including a subpoena, he's saying, still didn't understand that I had to do anything. How does that not, again, to Judge Luck's question, how does that not support the district court's findings? Well, again, I would point to the September 28th receipt of the order. That order provides that he is required to take certain action and at that point in time, that is what, in his mind, triggered, did the light bulb goes off. The subpoena wasn't enough in light of the fact that this was the third document related to this lawsuit that he admits that he received? He admits that he received the subpoena. And that meant nothing? He indicated that he did not recognize that he had an obligation as a defendant in the lawsuit at that point in time. Have we ever said, in any binding authority, that a general denial is sufficient to show a meritorious defense, whether under the Rule 55 standard or the Rule 60 standard? Under the Rule 60 standard, I believe a general denial is considered to be insufficient. However, I believe under the Rule 55 standard, a general denial coupled with arguments that in the motion as to what he intended to show, he satisfied his obligation. Have we ever said in binding authority that that was sufficient? With regards to Rule 55? Correct. I do not, to be frank, Your Honor, I do not know the answer to that. I've looked. I haven't seen it. And I'm happy for you to supplement, to give it to me, but I haven't seen it. And the reason I ask is I wonder if the district court can be found to have abused its discretion in finding that wasn't the case, where there was no clear error on point saying that that was wrong. And the only clear, the only authority that it had was in the similar Rule 60 context. Sure. Supporting its conclusion. I believe the point that we're making with regards to the meritorious defense prong here is that it's clear that the trial court utilizes the likelihood of success standard. And I don't think that standard is appropriate. Specifically, the trial court, the language they use is, absent a reason to find these defenses should be successful, they cannot be deemed meritorious. It's our belief that that is a clear recognition that the trial court utilized the heightened standard for Rule 60 versus the Rule 55. Do you think your client's defenses go past general denials? I believe that there are suggestions in both his affidavit and the motion that, you know, that he has, yes, that they do go beyond some denials. Can you, I'm looking at them and they seem like general denials to me. Can you point me to one that's not? Sure. There's an argument, the argument is made that the financial records and related documents will support the denial that he ever made these representations. There's arguments related to the idea of felonious intent and whether that can be proven. There's arguments related, there's presentation of potential affirmative defenses like waiver, estoppel, informed consent. Granted, you know, the goal in getting this was to get this in front of the judge, in front of the trial court as quickly as possible under the standard. We felt that we presented meritorious defenses sufficient to comply with our obligation. Okay, good. Thank you so much. We'll give you your full rebuttal time. Okay. Let's hear from the appellee. Good morning, and may it please the court, I'm Jonathan Brendan Butler. I am the counsel for the appellees of the matter. The crux of this appeal is whether or not the district court abused her discretion and denied a motion to set aside a default judgment under Rule 55, filed by the appellant 15 months after he admitted receiving a copy of the complaint in this case, did not deny that a summons was with it. Yeah. So, but is that sort of your key contention that receipt of the complaint alone, even without a summons, is good enough? No, sir. Is that, do you think, am I right in being a little confused about where the district court is hanging its hat? Is it hanging its hat on knowledge of the suit via complaint alone is enough? And that may have its own problems for the reasons that Judge Luck was probing, or I'm making some sort of implicit finding that he, in fact, received a summons. I think it's the latter, clearly from the order, and there's numerous basis on the record to support that. Number one, she found at page six of her order that based on the affidavit of service, Glass was personally served. That was a finding, even though she didn't resolve his insufficient general denial that he got served. And clearly, there's nothing in the record that ... Well, isn't she on page six of the order, isn't she just explaining the factual dispute, saying the affidavit of service files by the plaintiffs shows that he was personally served, but Glass has stated by affidavit he was never served. And then the order says, this factual dispute need not be resolved. I think that's a fair interpretation of it, but if you look later in her rulings, she obviously took the position that a summons accompanied that complaint that Glass admitted receiving by FedEx. And very interesting, his affidavit denies nowhere in that affidavit that he received the summons. Where does she cite for that proposition? Is it the Fogarty affidavit? No, it's actually Glass's affidavit. He admits getting the complaint, but doesn't deny getting the summons. Where does she get the summons part from? That's my question. What's the evidence for he received the summons? It is Glass's admission in his complaint that, in his affidavit, that he received the complaint without denying that the summons was attached to it, Your Honor. Wow, so that's even more implicit than I had imagined. But just because he said complaint but didn't deny summons, he got summons? That's my read of her order. But to get back to your court- What about the footnote where she cites, is it Fogarty? No, I think it's the judge who cites that she doesn't need to resolve the issue in her- Well, where she says, legal assistant Deborah Fogarty states, this is in footnote 5, states that she forwarded a copy of the summons and the original complaint, sounds good for you so far, to Glass on July 11, 2019. Opposing counsel says, that's just dead wrong. There's a disconnect, and I agree with you, Your Honor. There is a disconnect. However, I do not believe that it shows that the court erred in any way, shape, or form. Because as Judge Luck indicated, this finding of culpable conduct based on actual notice of the lawsuit, wasn't just the complaint he received. It was the discovery request that he received and did nothing with. It was the amended complaint that was mailed to him. Ms. Fogarty's affidavit attested to that, and he just generally denied getting it. It was the subpoena that was served upon him by the same process server who described him in detail as a white male, 6 foot, 220 pounds, that he served the complaint on and with the summons at the outset. But this is helpful, because now I think we're clear that you're not saying that the district court found correctly, or even not clearly erroneously, that he received the summons. You're just not going to ride the summons horse. You're going to ride the rest of it horse. Got it. Because this appeal is based on a fundamental fallacy. That the only way that a defendant could obtain actual constructive notice of a lawsuit and a duty to respond, is if they get a summons in front of it that says, you got 20 days or the consequences are default. And if you take that position and accept that, you have essentially gutted Rule 55. Because all a defendant has to do is deny he received a summons at any point in the process. And he could have received a mountain of other documents indicating he was a defendant in a lawsuit, he had a duty to respond. Yet he consciously and willfully disregarded that until an order shows up threatening to throw him in jail or hold him in contempt. And now he responds. Isn't there some kind of middle ground that I guess other courts have adopted where they say, look, if you're the defendant, you can't just say, never got it, and sort of win. We're going to give some sort of presumption of correctness to the return of service. Or some prima facie weight to the return of service. And now, defendant, you've got to come rebut that. Well, I think that is the law. And frankly, it's a flaw in their appeal. Because Mr. Glass did not, he had a duty, if he was going to try and invalidate the service at the front end where you've got an affidavit and a return of service, he had to do so by clear and convincing evidence, okay, which required that. But I guess the problem here, to Judge Branch's point, is that that's just not what the district court did here, right? The district court said, I see this factual dispute. And instead of saying, I'm going to give prima facie weight to the return of service. And now let's hear from you, defendant. She just said, we don't even need to deal with this because he had knowledge of the suit. And that was actually consistent with the law. This court, I believe, and Freedman versus Shiano and two members of the panel were on that decision, had found that where the defendant learned of the lawsuit, doesn't matter how he learned of the lawsuit, whether it was a summons, whether it was a complaint, however, learned of the lawsuit by January 17th, failed to file anything with the court until March 23, and offered no reason for the delay. It would be perfectly reasonable to find a reckless disregard for the judicial proceedings, which would be sufficient on its own to bar him from relief and vacating the judgment. That's exactly what the district court did. She looked at the record evidence, saw his admission he got the complaint, saw all the other papers that were served upon him, and followed the law and said, that is sufficient to find culpable conduct. And the district court, in addition to the documents that your opposing counsel has admitted that his client received, the district court did make a finding on the amended complaint. Absolutely. And said mailing is sufficient. It's the lack of factual finding on the summons that we're talking about. And the summons affidavit did attest to that, so there is record evidence. So essentially, you would have to believe the, I mean, there's all multiples reasons for why this defendant had actual notice of this lawsuit. Okay, and it doesn't have to be, there's no holding that I'm aware of in the 11th Circuit or any other court that in order to sustain a finding of culpable misconduct and reckless disregard to deny a motion to set aside default, that the court has to explicitly find that that defendant received the summons. Okay? There's not an 11th Circuit case that we have found, and they've not pointed you to any. And respectfully, again, if that was the ruling, you would effectively gut Rule 55 and render it toothless, and it's the most important mechanism for the... Counsel, I don't think we need to be that dramatic about the whole thing. I mean, it would be really easy to have an evidentiary hearing here. It wouldn't be all that hard to call the process server, to call the defendant, and to say, I believe him, and I don't believe him. I mean, it does not gut the rule to require that thing. That's besides the point of whether the district court did the right thing here or not, and we can debate that. But I don't think we have to say that if we rule for the other side here, that somehow the entire jurisprudence would fall down. Fair enough. If I can address that point, Judge Luck, because I think the duty on the defendant was incumbent to do something more than just set forth in an affidavit that I didn't get personal service. Okay? As I said, I think in Shiano, freedman for Shiano, this court recognized that if you're going to try and invalidate service of process based on a facially valid return of service, you have to have clear and convincing evidence, and that's evidence that would essentially convince a trier of fact as to the veracity and truth of your assertion. I know, but it has to start with an affidavit saying I never got it. Now, in evidence you're hearing might fledge out, I didn't get it because I happened to be in Panama during the week that he said he came to my house. You know, but in other words, the process has to start somehow. I just — that also seems to be a bit of a sideshow here. The simple question in my mind is the ultimate fact that we have to determine whether it is clearly erroneous or is an abuse of discretion is whether this was done willfully or in bad faith or not. And the record as we seem to have is the receipt of a complaint, the receipt of an amended complaint, the receipt of discovery, the receipt of a subpoena, all of which went completely unresponded to for a 15-month period until finally a magistrate judge holds him in contempt, and that's when he bothered to call a lawyer. That's — is that not the record that we have before us? I've been in front of a district court judge, and our position is it absolutely supports her finding of culpable conduct to intentional disregard, and it was clearly not an abuse of discretion. Maybe she could have done more and asked to have an evidence hearing on whether the service of process, but that would be superfluous, to be honest with you. Based on the record — and she said that. Based on the record before this district court, I don't even have to go that far to rule on whether service of process was actually affected. I've got enough in front of me to find that this defendant willfully disregarded the judicial process. And as you know, under a controlling 11th Circuit case law, that finding alone was enough to justify denying the motion to satisfy the verdict on the default, and that's what the judge said. Now, she did go forward and address the other factors under Rule 55, but she did so in dicta, frankly, when she said that I find that they've not demonstrated that there was a meritorious defense, and the defendant has not demonstrated that there would not be prejudice to the plaintiffs by letting him into this case tardily after 15 months of time and expense in litigating the case occurred. And with all due respect, defendants have not identified any Rule 55 case law that renders — that shows that the district court abused her discretion in rendering those findings, which, again, were dicta. Did the district court apply a heightened standard for the meritorious defense factor? He absolutely did not, Your Honor, in our view, because, again, I've looked at the law, and there's absolutely no case law that finds that it has to be — Can you show me where that counsel's wrong, that the district court didn't apply a likelihood of success or a heightened standard for whether there was a meritorious defense or not? Or if she did, what law sets out that the standard that the district court did apply was the law that needs to be applied for Rule 55 cases? Well, I think the fountainhead for that on the meritorious defense is the Morwood case where the judge — frankly, the court basically said, you know, if we saw a hint of a suggestion that there was a defense here, we might be inclined to vacate the court. But that's never been adopted as a standard, that all you need is a hint of a suspicion. You need actual notice as to what the grounds are for your defense. And as Judge Brant indicated, these were just straight-based denials. And so to the extent that she did require success, I think that's — it's harmless error, with all due respect, Judge, because her real point was on your denials, they were unsupported, they're general, and that is the law, I believe, in both under 55 or Rule 60. You have to do more. You can't just have a general denial. And the defense has not identified any Eleventh Circuit precedent that claims that that's sufficient. That's the real issue. Now that she went beyond that and said it had to be a defense with meat on the bone that had a chance of success, again, I think that was dicta because she had already ruled that was culpable conduct, so the other two factors don't have to be ruled upon. And if she imposed that higher standard, it's frankly, again, reversible error. I mean it's not reversible. It's harmless error for that exact reason. But let me get back to the original point that there is a full record of this client, of this defendant, contemptuously and intentionally disregarding the judicial process. And if you hold that we have to prove in every case that they actually got a summons in their hands and understood it, that's not what the law is. There's multiple cases that we've cited. Well, it wouldn't be in every case. It would be in a case where he has put forward evidence that he has an affidavit that says I wasn't served. Well, and that's the case. And let's not forget that we obtained the clerk's default in this case because we proved there was service. We had we complied with the Rule 55 and Rule 4. We served him. We had an affidavit of service. We got an affidavit from the process server. So it's disingenuous to say that his blank denial, I believe, that I got this, sustains his burden. Well, but to be fair, what it takes to get the entry of default is different than what it takes to get the entry of default judgment. You absolutely gave what was necessary to the clerk's office for the entry of default. But now we move to the judge. Correct. Correct. So, again, I think you have to look at the ponderance of the record before the judge. And the district court could not have abused her discretion. And based on that record, finding that there was enough there for culpable conduct and disregarding the judicial proceedings, even if you accept the defendant's concursory statement that I deny getting served with process. That is the crux of it. And I think the case law confirms that. Friedman v. Sciano confirms that. Numerous other courts have held that in a context of finding culpable misconduct, it's actual or constructive knowledge of the lawsuit. Because most people know 30 years after TV court and legal dramas on TV that when you're named in a lawsuit, you have to do something. You have a duty to act. I'm not sure about that, frankly. I mean I wonder that we may be in a bit of an echo chamber here. Like when my law clerks and I are talking about this or you and I are talking about this, we all get it. But I'm not really sure that sort of Joe Schmagegi Pro Se defendant necessarily knows. I mean just consider like all the junk you get in your email or the spam texts or whatever. I never know what's real and what's not. This is in the record, but the record before the district court was that Mr. Glass, the appellant, was a seasoned litigant. He was a businessman. He had been in litigation before. He hired lawyers. He hired a lawyer in the underlying case to file a lawsuit against the seller of the properties at issue. This was not Joe Blow Pro Se litigation. I guess what I mean is that it may be for Joe Blow Pro Se that the summons is an important document. It may be because the summons says like yo, appear or else, right? And I agree with you, Your Honor, but under the circumstances in this case with this defendant appellant, the judge clearly believed that the sufficiency of all the documents he received put him on actual notice of the duty to respond to defend the case. He failed to do so for 15 months. She found culpable misconduct in that regard. That alone is enough to justify denying the motion. She did not abuse her discretion. Also, you talk about this person as a seasoned businessman. If a seasoned businessman receives in the mail a complaint naming him and no summons, isn't a seasoned businessman perhaps who has been involved in a number of lawsuits saying, well, I guess I'll wait to get served before I have to do anything? Okay, I know a lawsuit has been filed, or if there's not a file stamp on it, somebody has sent me a draft complaint. Or they did what the defendant did in Alba, which was cited in their brief, which is file a motion to dismiss under 12B for defective service. That's how you protect your interest. But be that as it may, my last request would be if for some reason the panel believes that the judge should have made an express finding or had an evidentiary hearing on the issue of whether service was indeed effective, that the order should not be reversed or vacated. It should be remanded to the trial court to conduct proceedings to determine whether or not service of the summons was in fact effectuated. I believe that's not necessary because that's really a bell and suspenders. But nevertheless, I think an injustice would occur if this order, based on the record before the court showing she did not abuse her discretion, is entered without an opportunity for her to perhaps fix the issue or address the issue from an evidentiary standpoint. Okay. Very well. Thank you so much. Mr. Harrell, I'm sure you have a plan. I don't want to interrupt it, but I'm just going to tell you from my perspective, I think the toughest thing for you about this is the standard of review. You know, sort of as a matter of first principles, you can probably tell. Like, I think the summons is an important document. I think it vests the court with jurisdiction. I think it's the one that announces to the defendant that they need to do something. But I think you need to answer Judge Luck's question, which is complaint plus amended complaint plus subpoena plus whatever else there was. Can we say that that is either clearly erroneous with respect to intentionality or an abuse of discretion more generally? Yes, Your Honor. So what I'd like to do is shift the focus a little bit to the – I recognize that the complaint, the amended complaint, the request for reduction indicate that – And the subpoena. And the subpoena indicate that potentially something is happening. However, if you look at the summons and you look at the order from the magistrate judge, those are the two documents that specifically say you have to do something in order to avoid a consequence. Does the subpoena start off by saying you are hereby commanded to appear at or to produce X? Isn't that the nature of a subpoena? Sure. And the subpoena was – I can look at that, like the rules in the back on the forms. Give me the form subpoena, right? Yes, Your Honor. And with regards to the subpoena, I believe the subpoena was sent on September 2nd. It was September 28th that the motion to compel order was received by Mr. Glass. So, you know, perhaps there's a short period of time there where he should have potentially taken further action. However – There were three months between when he got the subpoena and when he filed the motion, right? I believe September 2nd was the date of his receipt of the subpoena. And I believe the motion to set aside was October 12th. So it's a little bit over a month or approximately five weeks. But ultimately, I think you have to look at those two documents as being the commanding documents. After receiving different things, and Mr. Glass does admit that he receives certain things, but it's the magistrate judge order that really makes him recognize that if he doesn't do something immediately, he's going to be – potentially have an issue with the court. And what does he do? He does take immediate action. The reason that I find the standard of review the critical question is that you just said, I think we have to take those two – we have to take those two documents as the commanding documents. I think I agree with you. Like, as a matter of first principles, those two things might be the commanding documents. They're the ones that say, again, yo, show up. But is it an abuse of discretion to conclude otherwise? Like, must every reasonable district court judge sign up for the view that you and I have about the sanctity of the summons? I believe that the abuse of discretion standard applies if there's an incorrect legal standard set forth. You know, the law is set forth in an unreasonable or incorrect manner. And really, those are the two areas where I think there is a problem. I think the idea that the trial judge here focused on the fact that he did receive the summons, which is clear error, and focuses the analysis on because he received the summons, he knew his obligation. She therefore disregards the remaining issue that he comes forward and says, until I received the order from the magistrate judge, I was not aware that I had any further obligation. So I do believe it is an abuse of discretion. I recognize that's a high standard, but I believe it's an abuse of discretion for her to have set forth the analysis that way. So your client, in addition to the documents that your client has admitted receiving, you would acknowledge that the district court did make a finding that your client received the amended complaint? The district court did make that finding. He specifically denies it. The court said because he was aware. The district court made the finding that because the paralegal put the amended complaint in the mail, that that was sufficient. Correct? Okay. So your client is acknowledged receiving the complaint. Now we have the district court finding your client received the amended complaint. You have document requests coming to your client. You have a subpoena, all of which nothing has triggered your client yet. In a hypothetical world, without the summons, is there any point in time before the magistrate court order, are there any documents, like what if notices of depositions, he's now received five notices of deposition. He has received requests for admission. He's received all these different document requests. Is there any point in time, hypothetically speaking, that without the summons, that that should have been enough before the court order? I think you can hypothetically come through with a certain setup. So you're saying there's a point in time where the district court could have looked at a record that was perhaps longer of documents that your client had received and find that, in fact, that, and we would say, oh, that's not an abuse of discretion. I don't know that's going to be the length of the record or the number of documents that are received. I think it depends on what those documents potentially command or suggest. So you do recognize that at some point, even without the summons, that a district court finding on this issue might be supportable. I would suggest that if Mr. Glass had continued to ignore things in light of the order from the magistrate judge commanding that he do something and otherwise be subject to contempt findings, I think at that point in time, his claim of ignorance loses complete credibility. But a court order, a court order is the triggering point even without a summons. Even though there's been a subpoena, a court order is the triggering point here. I think the summons is the first document that recognizes that you have an obligation. A subsequent order that further suggests that there is some sort of obligation would be sufficient to recognize, for someone to recognize that they indeed should have an obligation to do so. But not subpoenas. In this case, I don't think that the subpoena was sufficient, and I don't think there was enough time between the subpoena and when he ultimately took action to show a willful disregard. Okay. Thank you both very much. The case is submitted. Thank you.